Gkeen, J.,
delivered the opinion of the court.
This is an action upon a covenant of warranty of the soundness of a negro man sold to White by Jones.
Upon the trial several physicians were examined as to the health of the negro, and the character and duration of his disease; and the physicians and others were permitted to state the facts disclosed to them by the negro, in relation to the character of his affliction, and the length of time he had suffered from the disease.
The Judge told the jury, that to entitle the plaintiff to recover, it must appear to them, that the negro was unsound at the time of the sale and warranty; that the opinion of physicians who attended the negro, or who examined him at any time, as to the nature, symptoms, duration, and effects of the disease with which he was afflicted, as well as the statements of the sick slave as to the duration, symptoms, his pain, and *269 the effects of the disease under which he was laboring, are evidence to be given to the jury ; but whether these opinions are correct, or the statements true, are questions for the jury to determine.
The statements of the slave to other persons than physicians while sick, about the symptoms, character and effects of his disease would be evidence also, but not entitled to as much weight as when made to his physician. The jury found for the plaintiff $362 50 damages.
The defendant moved for a new trial, and in support of his motion introduced several affidavits. The defendant’! vit states, that while the trial was in progress, be by the introduction of two physicians by the* many witnessed being unexamined, he sent hisj Jones, (who was a material witness,) for Dr. Dc ing he would be back before the evidence wouJ but the weather was rainy, the roads bad, and unwell, so that neither he nor said John. W. Jones arrived at court until the evidence was through, and the argument had opened; and so he was deprived of the evidence of both of said witnesses.
No affidavit of Dr. Debow was offered. The affidavit of John W. Jones states, that he had worked with the negro for a year previous to the sale to the plaintiff by his father, and that the negro had been healthy.
The court refused a new trial, and the defendant excepted, and appealed to this court.
It is contended by the counsel for the plaintiff in error, that an undue prominence is given to the evidence of physicians, by the charge of the court. We think the rule of evidence is correctly stated by the court. Persons are supposed to understand questions appertaining to. their own profession, and hence their opinion in reference thereto is evidence. It is not conclusive of the facts stated, and may be shown to be incor *270 rect; but such opinion is competent evidence to be received, and considered of by the jury, in connection with the other proof.
2. It is objected, that the court ruled the statements of the sick slave, detailed by the witnesses, to be competent evidence.
In this, we think, the court decided correctly.
It is not a question whether the slave could, himself, give evidence; but his statements to the witnesses are part of the res gesias. These statements were essential to enable the physicians, and others, to judge of the character of the disease. They become evidence by reason of the circumstances under which they were made. Drawn from the slave, by those who were investigating the character and symptoms of the disease, they become part of that investigation, and as such, may properly go to the jury.
3. The affidavits form no ground for a new trial. The affidavit of Dr. Debow was offered; and the affidavit of John W. Jones shows that his testimony, though material to the issue, would be only cumulative. Several other witnesses were examined, and testified as to the same matter, and had made, substantially, the same statements. The rule is well settled, that a new trial will not be awarded, for the mere purpose of letting in cumulative proof. But it was the folly of the defendant, to send his witness away from the court. There was no necessity for it. It is not shown that Dr. Debow could have been a material witness; and if it were to appear, that there was a necessity to have sent for him, it would have been easy to have employed some messenger who was not a witness.
Upon the whole, we think, there is no error in the judgment, and affirm the same.